IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MED-DEN FUNDING, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. ) |
| B GRIGOROVICH D.D.S., INC., | ) ) |
| Defendant. | ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, and for its cause of action against Defendant, hereby alleges and states as follows:

### Jurisdiction and Venue

1. Plaintiff is a legal entity organized and existing pursuant to the laws of the United States, with its principle place of business in the state of Nebraska.

2. Defendant is a corporation doing business in Los Angeles County, California.

3. Plaintiff seeks relief in the amount of $415,310.

4. This court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

5. On or about May 29, 2019, Defendant entered into a commercial contract with Plaintiff, a true and correct copy of which is attached as Exhibit "A", and is incorporated herein by reference, which contains a choice of law and forums clause making venue proper in this Court.

### Count I: Breach of Contract

6. Defendant has breached Article V, Section 2, and Article VI of the contract by failing to gather and forward truthful and accurate financial information of patients and/or borrowers, and by failing to gather and forward truthful and accurate information pertaining to the identity of

patients and/or borrowers, thereby fraudulently inducing Plaintiff to approve loans and pay proceeds thereof to Defendant.

7. Defendant received sums totaling $415,310.00 as a direct result of its breach and has retained said sums despite Plaintiff's demand for return of the same. A true and correct copy of Plaintiff's demand is attached as Exhibit "B."

8. Plaintiff is damaged as a result of Defendant's breach in the amount of $415,310.

## Count II: Fraud in the Inducement

9. Plaintiff incorporates by reference the allegations contained in Paragraphs 6 through 8 as fully set forth herein.

10. Pursuant to the contract between Plaintiff and Defendant, Defendant made false representations to Plaintiff regarding the personal and financial information of borrowers, and made false representations pertaining to the identity of borrowers.

11. Specifically, Plaintiff forwarded loan funds in the amount of $38,950 directly to Defendant pursuant to a loan agreement signed by a borrower named Anastasiia Duniaka ("Anastasiia"), on or about June 19, 2019, a copy of which was sent by Defendant to Plaintiff, a true and correct copy of which is attached as Exhibit "C."

12. Attached to the loan agreement is a copy of Anastasiia's California driver's license, showing Anastasiia to be a female.

13. The personal information used by Defendant to submit Anastasiia's loan application was that of the female identified on the California driver's license. A true and correct copy of the loan application is attached as Exhibit "D."

14. Plaintiff called Anastasiia on June 25, 2019, to ask if there were any questions regarding the loan ("the Phone Call"). When Anastasiia answered the phone, the voice was clearly that of a

male, although the representative making the call on behalf of Plaintiff was unaware at the time that the information submitted for Anastasiia was that of a female, because the representative had performed no part in the underwriting or approval process for the loan.

15. During the Phone Call, after confirming his identity and correcting the mispronunciation of his name, Anastasiia stated that he had studied and reviewed the loan documents and had no questions regarding the same.

16. Moving forward to October 2019, as part of its standard business practice, Plaintiff began to pull credit scores on all ten borrowers who had applied for and obtained financing from Plaintiff for dental work to be performed by Defendant. Plaintiff noticed that nearly all of the borrowers experienced a precipitous drop in each's credit score from the time of application to October 2019. Additionally, none of the ten borrowers were current on their loan payment. The list of borrowers included Anastasiia and the following nine borrowers, with loan amounts next to each borrower:

> Viktoriia Akademytska - $8,500
> Magaret Andriasian - $55,000
> Zanazan Bedrosian - $49,550
> Haraj Housepian - $48,500
> Andronik Hovhannisyan - $54,750
> Arman Martirosyan - $54,860
> Rafi George Shehirian - $46,800
> Yeranui Tutlyan - $48,650
> Oleh Yatsyshyn - $9,750

17. Also in October of 2019, Plaintiff rejected multiple loan applications when it requested applicant employment and income information from Defendant, and subsequently was unable to verify the validity and accuracy of the information. Specifically, in one instance, Plaintiff could not verify that an alleged employer of an applicant even existed.

18. In the latter half of October 2019, Plaintiff chose to end its business relationship with Defendant.

19. In early March of 2019, Plaintiff forwarded a memorandum ("the Memo") to its local attorneys at BQ & Associates ("BQ"), located in Omaha, regarding what Plaintiff suspected as "bust-out fraud." Plaintiff suspected bust-out fraud in all patients who had allegedly had dental work performed by Defendant, pursuant to approved loan funds paid directly to Defendant for services to be performed. As used by Plaintiff, the term "bust-out fraud" generally referred to borrowers who obtained as much credit as possible from multiple lenders and then failed to make payments on any of the credit accounts and/or loans, thus leading to a fast and steep drop in credit scores.

20. At the time Plaintiff forwarded the Memo to BQ, the files of the ten borrowers that were patients of Defendant were in the hands of a San Diego law firm named The Dunning Law Firm ("Dunning"), pursuant to an agreement between BQ and Dunning.

21. In its attempts to collect on the defaulted loans of Defendant's patients, Dunning had been unable to make contact with any of the borrowers, despite diligent efforts to do so.

22. After speaking with Plaintiff regarding the Memo, BQ made its own effort to call each of the ten borrowers, but was unsuccessful in doing so. In fact, only two of the borrowers had phone numbers that had not been disconnected.

23. The only borrower that Plaintiff had any contact with at any time was Anastasiia. Thus, BQ attorney, Jason Mitchell, called Defendant's office to ask questions regarding Anastasiia.

24. On April 27, 2020, Mr. Mitchell spoke with Defendant's principle agent, Dr. Boris Grigorovich, regarding dental work performed on Anastasiia.

25. During the phone call, Dr. Grigorovich stated that Anastasiia was a previous female patient of his.

26. Mr. Mitchell subsequently confirmed with Plaintiff that the only person named Anastasiia Duniaka that had been approved for a loan at any time for Dental work to be performed by Defendant, was the same person who could clearly be identified by voice as a male, during the June 25, 2019 phone call between Plaintiff and Anastasiia.

27. Plaintiff hereby alleges that Defendant induced Plaintiff to forward $38,950 directly to Defendant by either knowingly forwarding false information pertaining to Anastasiia or by forwarding Anastasiia's information without knowing such information to be true or false. Additionally, Plaintiff alleges that Defendant induced Plaintiff to forward $376,360 directly to Defendant by either knowingly forwarding false information pertaining to the other nine patients of Defendant, or by forwarding information pertaining to the same, without knowing such information to be true or false:

28. Plaintiff forwarded a total of $415,310 to Defendant because it relied on the false information provided by Defendant.

29. Plaintiff is damaged in the amount of $415,310 due to its reliance.

30. Defendant is not a member of the Armed Forces of the United States or of its Allies.

### Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant in the amount of $415,310.00, plus post-judgment interest thereon as allowed by law, court costs, attorney fees, and post-judgment interest at the Judicial Interest rate.

### Demand for Jury Trial

Plaintiff hereby exercises it right under the Seventh Amendment to the United States Constitution and Fed. R. Civ. P. 38(b) and demands that all issues in this Complaint be tried by a jury in Omaha in the United States District Court for the District of Nebraska

DATED: June 10, 2020

BY:

MED-DEN FUNDING, LLC.,
Plaintiff

*/s/ Jason Mitchell*
Jason Mitchell, NE #26608
BQ & Associates, P.C., L.L.O.
14211 Arbor Street, Suite 100
Omaha, NE 68144
Email: bqia@bqlaw.com
(402) 554-4400
ATTORNEYS FOR PLAINTIFF