IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MED-DEN FUNDING, LLC,**<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>**B GRIGOROVICH D.D.S., INC.,**<br><br>　　　　　　　Defendant. | 8:20CV223<br><br>ORDER |

　　　　This matter is before the Court following a telephonic hearing scheduled on April 8, 2022, regarding the defendant's last-minute email request to continue trial. Counsel for both parties appeared.

　　　　On August 12, 2021, the Court set this matter for trial to begin on January 10, 2022. ([Filing No. 45](#)). On December 30, 2021—a week and a half before trial was to begin—counsel for Defendant emailed the Court requesting a continuance of trial because his client was undergoing surgery scheduled on January 14, 2022. The Court granted Defendant's request and continued trial to begin on April 11, 2022. ([Filing No. 53](#)).

　　　　A month in advance of the April 11 trial date, the Court began contacting counsel regarding the upcoming trial. Counsel for the plaintiff promptly responded, but defense counsel did not. On April 4, 2022, the Court entered an Order to Show Cause, outlining its concerns as follows:

> For the past three weeks, the Court has been attempting to contact [Defendant's] counsel regarding pre-trial matters and deadlines. As of today, the Court has sent him at least six emails, called him twice, and has left him two voicemails. He has not responded to the Court, despite direct orders to do so. Nor has the Court received [Defendant's] trial brief or proposed jury instructions, as required by this Court's standard trial procedures and local rules. . . . The Court has also been notified by counsel for [Plaintiff], that he, too, has attempted to contact [Defendant's] counsel multiple times, without success.

Therefore, the Court ordered counsel for Defendant to show cause—by April 6, 2022—as to why he had continuously failed to respond to the Court regarding the upcoming jury trial. ([Filing No. 56](#)). On April 7, 2022, at 5:47 a.m. CDT, counsel for Defendant emailed the Court stating he has had serious health issues and needs a continuance of trial.

Plaintiff understandably objects to yet another last-minute continuance of trial. Plaintiff has continued to meet the Court's trial deadlines, including filing a trial brief (Filing No. 55) and proposed jury instructions (Filing No. 58) in accordance with the local rules. See NECivR 39.2. Defendant has not. The Court agrees that Defendant and/or defense counsel's conduct has prejudiced Plaintiff and has thwarted Plaintiff's right to have its day in court to have its claims heard and resolved. But, during the telephone conference on April 8, counsel for the defendant advised the Court that he essentially has been incapacitated by health issues, and it is apparent neither defense counsel nor his client are ready and able to appear for the jury trial set on April 11. As such, the Court will extend the trial date **one final time**. Given defense counsel's repeated pattern of delay and noncommunication throughout this litigation,[1] the Court will require counsel for Defendant to electronically file two sworn affidavits, one on behalf of himself and one on behalf of his client, explaining why they were unable to meet the Court's deadlines, appear for the trial dates set by the Court, and respond to the Court's inquiries regarding the same. Under the circumstances, defense counsel must also attach documentary evidence, including his and his client's medical records, supporting their assertions that medical issues have rendered it impossible to respond to the Court or to meet trial deadlines. Those records may be filed separately under seal for the Court's review. The Court advises counsel for the Defendant that the new trial date will not be continued, and he should plan accordingly. Upon consideration,

**IT IS ORDERED:**

1. Defendant's email motion to continue trial (Filing No. 59) is granted. The jury trial of this case is rescheduled before Robert F. Rossiter, Jr., Chief United States District Judge, in Courtroom 4, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska, at **9:00 a.m.** on **June 13, 2022**, for a duration of three (3) trial days. This case is subject to the prior trial of criminal cases as may be scheduled for trial before this one. Jury selection will be held at the commencement of trial. **Defendant will not be granted any further continuances of trial.**

---

[1] See, e.g, Filing Nos. 35, 38, 39, 56.

2. On or before **April 29, 2022**, Defense counsel must advise the Court whether his client consents to withdrawing its jury demand. If Defendant does not waive its jury demand, Defendant must file proposed jury instructions and a trial brief by **Mary 13, 2022**.

3. On or before **May 13, 2022**, counsel for Defendant shall:

   a. Electronically file two sworn affidavits, one on behalf of himself and one on behalf of his client, explaining why each was unable to meet the Court's deadlines, appear for the trial dates set by the Court, and timely respond to the Court's inquiries; and

   b. Attach documentary evidence, including but not limited to actual medical records from their treating physicians, supporting the assertions in their affidavits. Such medical records may be filed under seal.

4. Defense counsel's failure to timely file the documents described in paragraphs (2) and (3) may result in cancellation of the trial and entry of default against the defendant for failure to defend and comply with Court orders, and/or other appropriate sanctions.

Dated this 8th day of April, 2022.

                                        BY THE COURT:

                                        s/Michael D. Nelson
                                        United States Magistrate Judge